## McNAMARA v. UNITED STATES.
### No. 47602.

United States Court of Claims.
July 10, 1950.

This case having been heard by the Court of Claims, the court, upon the evidence and the report of a commissioner, makes the following

## Special Findings Of Fact.

1. Plaintiff is and ever since a number of years prior to October 20, 1941, has been the owner in fee in the possession, and entitled to the possession, of all those certain parcels of land situate in the county of Merced, State of California, described as follows:

### Parcel 1.

Swamp and Overflowed Land Survey No. 321, in the Southwest quarter of Section 1; the Southeast quarter of Section 2; and the North half of the Northwest quarter of Section 12, in Township 9 South, Range 11 East, Mount Diablo Base and Meridian; containing 400 acres, more or less.

### Parcel 2.

Swamp and Overflowed Land Survey No. 328, in the North half of the Northeast quarter of Section 11, in Township 9 South, Range 11 East, Mount Diablo Base and Meridian; containing 80 acres, more or less.

### Parcel 3.

Swamp and Overflowed Land Survey No. 208, in the South half of the Northeast quarter; and the North half of the Southeast quarter of Section 11, and in the Southwest quarter and the South half of the Northwest quarter of Section 12, Township 9 South, Range 11 East, Mount Diablo Base and Meridian; containing 400 acres, more or less.

### Parcel 4.

Swamp and Overflowed Land Survey No. 176, in the Northwest quarter of Section 13, Township 9 South, Range 11 East, Mount Diablo Base and Meridian; containing 116.87 acres, more or less.

### Parcel 5.

That part of Swamp and Overflowed Land Survey No. 320, in the East half of Section 13, Township 9, South, Range 11 East, Mount Diablo Base and Meridian; containing 133.70 acres, more or less.

### Parcel 6.

That part of Swamp and Overflowed Land Survey No. 302, in the West half of Section 4, and the East half of Section 5, Township 9 South, Range 12 East, Mount Diablo Base and Meridian; containing 640 acres, more or less.

### Parcel 7.

That portion of Swamp and Overflowed Land Survey No. 300 lying East of the center line of Sand Slough, in the East half of Section 8, Township 9, South, Range 12 East, Mount Diablo Base and Meridian; containing 123.18 acres, more or less.

### Parcel 8.

All that portion of Swamp and Overflowed Land Survey No. 302, situate in the Northwest quarter of Section 9, Township 9 South, Range 12 East, Mount Diablo Base and Meridian; containing 160 acres, more or less.

### Parcel 9.

Commencing at the corner common to Swamp and Overflowed Land Surveys 318, 320, 208, and 176, Merced County, situated in Township 9 South, Range 11 East, Mount Diablo Base and Meridian; running thence North 0° 04′ East, along the West line of said Survey No. 318 and the East line of said Survey No. 208, and Swamp and Overflowed Land Survey No. 321, 7962.2 feet to the Northeasterly corner of said Survey No. 321; thence North 89° 44′ East, along the Northerly line of said Survey No. 318, 579.77 feet; thence South 0° 04′ West, 7967.6 feet to the South line of said Survey No. 318, and thence North 89° 44′ West 579.77 feet to the point of commencement; containing 106.01 acres, and being a part of said Swamp and Overflowed Land Survey No. 318.

### Parcel 10.

That portion of Swamp and Overflowed Land Survey No. 300 in Merced County, State of California, in Section 8, Township 9 South, Range 12 East, Mount Diablo Base and Meridian, lying westerly of the center line of Sand Slough and easterly of the canal, now or formerly, of East Side Canal and Irrigation Company.

This case involves many of the same facts found by this Court in the cases en-

titled James J. Stevinson v. United States, 76 F.Supp. 99, 111 Ct.Cl. 89, and Gerlach Live Stock Company v. United States, No. 46009, 76 F.Supp. 87, 111 Ct.Cl. 1.

The findings of fact in the Stevinson and Gerlach cases, supra, designated by number below are adopted as findings in this case and are incorporated in these findings by reference. Each such finding is given the number in this case set opposite it in the parallel columns below.

| Number of finding in the case at bar | Number of finding in Stevinson case |
|---|---|
| 2 | 3 |
| 3 | 4 |
| 4 | 5 |
| 5 | 6 |

6. Miller & Lux Incorporated is and at all times here involved was a corporation organized and existing under the laws of the State of Nevada and doing business in the State of California.

Prior to any of the times here involved, Miller & Lux Incorporated became the owner of large areas of land, beginning with a narrow strip at Gravelly Ford and extending in varying widths down the San Joaquin Valley to approximately the junction of the Merced River with the San Joaquin River, among which lands were some of those described in the petition of the plaintiff. A large portion of the lands owned by Miller & Lux Incorporated, including some of those described in the petition of the plaintiff herein, was riparian to the San Joaquin River, or to sloughs or branch channels thereof, and in some instances to both.

| Number of finding in the case at bar | Number of finding in Stevinson case | Number of finding in Gerlach case |
|---|---|---|
| 7 | ...... | 10 |
| 8 | ...... | 11 |
| 9 | ...... | 12 |
| 10 | ...... | 13 |
| 11 | 9 | ...... |

12. Stevinson finding 12, except the sentence which reads, "The appropriative and prescriptive rights confirmed in Miller & Lux Incorporated and its subsidiaries by the agreement quoted in finding 11 are included in the above tabulation," is adopted as finding 12 in this case.

In addition to the water rights therein mentioned, the East Side Canal & Irrigation Company and the Stevinson Water District (a public corporation) have a right to appropriate and divert from the San Joaquin River into their canal at a point upstream from plaintiff's lands 1,189 acre-feet of water during the month of April, 1,797 acre-feet of water during the month of May, and 3,588 acre-feet of water during the month of June in any year, when needed to meet the contingency that the Merced Irrigation District should at any time cease to spill those quantities of water into the canal in excess of the 24,000 acre-feet of water which the Merced Irrigation District is obligated to spill into the canal as set forth in finding 20 of the findings in the case of East Side Canal & Irrigation Company, et al. v. United States, 76 F.Supp. 836, 111 Ct.Cl. 124, which finding is incorporated herein by reference, and in the event of any such contingency to use it for beneficial purposes.

13 to 39, *inclusive*. Stevinson findings numbered 13 to 39, inclusive, are adopted as findings 13 to 39, inclusive, in the case at bar.

40. The lands described in finding 1 hereof lie and are bordered upon the main channel of the San Joaquin River or are penetrated and traversed by sloughs or branch channels thereof and are riparian thereto.

41. On October 20, 1941, the difference between the fair market value of the lands described in finding 1 hereof with riparian rights to the use of the water of the San Joaquin River and the fair market value without such riparian rights was $61,620.

### Conclusion Of Law.

Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, and it is therefore adjudged and ordered that plaintiff recover of and from the United States the sum of $61,620, plus an amount for delay in payment computed at 4 percent per annum from October 20, 1941, until paid.

726

Edward Francis Treadwell, San Francisco, Cal., for plaintiff. Treadwell & Laughlin, San Francisco, Cal., were on the brief.

Ralph S. Boyd, Washington, D. C., with whom was Assistant Attorney General A. Devitt Vanech, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

### PER CURIAM.

For the reasons stated in the opinion in Gerlach Live Stock Company v. United States, No. 46009, 76 F.Supp. 87, 111 Ct.Cl. 1, and for the reasons set forth in the opinion of the Supreme Court in United States v. Gerlach Live Stock Company, 70 S.Ct. 955, and other cases, Nos. 4, 5, 6, 7, 8 and 9, October term, 1949, delivered June 5, 1950, judgment is hereby rendered against the defendant in favor of plaintiff in the sum of $61,620 plus an amount for delay in payment computed at 4 percent per annum from October 20, 1941, until paid.